IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA RIDDLE and RICARDO WOODS, Individually and on behalf of a Class of Similarly Situated Individuals, | ) ) ) ) | |
| | ) | No. 05 C 5880 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| NATIONAL SECURITY AGENCY, INC., IBRIHAM A. KISWANI, and ABDUL S. KISWANI, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a three-count complaint against defendants alleging that they violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp Stat. 115/1, *et seq.*, and state common law. The Court referred plaintiffs' motion for class certification to Magistrate Judge Brown. Judge Brown has issued a Report and Recommendation ("R&R") to which plaintiffs have objected. For the reasons set forth below, plaintiffs' objections are overruled, and the Court adopts the R&R in its entirety.

## Discussion

The Court is required to make a *de novo* determination of those portions of the R&R to which plaintiffs object. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify" the R&R, "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Judge Brown recommended that plaintiff's motion for class certification be: (1) granted with respect to plaintiff's FLSA claim that defendant did not pay final wages to employees who left their jobs; (2) denied without prejudice with respect to plaintiff's FLSA claim for unpaid overtime; and (3) denied with respect to plaintiffs' IWPCA and common law fraud claims. Plaintiffs contend that the second and third recommendations should be rejected.

The Magistrate Judge's second recommendation was prompted by plaintiffs' failure to show that defendants have a policy of withholding overtime pay. Though she acknowledged that only a "'modest factual showing'" was required, Judge Brown concluded that plaintiffs had failed to make even that. (*See* R&R at 6-7 (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)).) Specifically, the Magistrate Judge said, a single affidavit of an employee who identifies himself as a site supervisor is insufficient to suggest that defendants have a policy or practice of withholding overtime payments from security officers like plaintiffs. (*See id.*; Pls.' Am. Mem. Supp. Mot. Certify Class & Appoint Class Counsel, Ex. B, Moore Aff. ¶ 2.)

Plaintiffs say Judge Brown's conclusion is wrong because she: (1) improperly required separate factual showings for plaintiffs' two FLSA claims and applied a heightened evidentiary standard; (2) did not consider judicial economy as a justification for collective action; and (3) ignored the parties' agreement that collective action was proper. The Court finds none of these objections persuasive.

Plaintiffs contend that, for the purposes of deciding whether collective action is appropriate, the Magistrate Judge should have treated their FLSA minimum wage and overtime claims as a single claim. Plaintiffs say that this conclusion flows from the statute, which states:

> Any employer who violates the provisions of section 206 [minimum wage] or section 207 [overtime] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. *An action to recover the liability prescribed in either of the preceding sentences* may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b) (emphasis added). In plaintiffs' view, the italicized language allows them to mount a collective action to recover for both minimum wage and overtime violations, even if they do not personally have both claims, as long as there are putative class members who do.

Plaintiffs' interpretation, however, eviscerates one of the statute's express provisions – that collective action plaintiffs be "similarly situated" to the putative class members. *See id.* That provision, courts routinely hold, requires a collective action plaintiff to show that she and the putative class members "were victims of a common policy or plan that violated the law.'" *Vazquez v. Tri-State Mgmt. Co., Inc.*, No. 01 C 5926, 2002 WL 58718, at *2 (N.D. Ill. Jan. 14, 2002) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). The only evidence plaintiffs submitted on this point is that defendants failed to pay overtime to one "site supervisor." (Pls.' Am. Mem. Supp. Mot. Certify Class & Appoint Class Counsel, Ex. B, Moore Aff. ¶ 2.) There is no evidence to suggest that defendants withheld overtime pay from the named plaintiffs or any other of their security guard employees, let alone that they did so pursuant to a policy or plan. Given the total lack of evidence, Judge Brown's conclusion that plaintiffs had not satisfied the requirements

for collective action on their overtime claim is both reasonable and in consonance with the applicable burden of proof.

Plaintiffs also contend the Judge Brown erred by refusing to consider whether, even without proof of a policy or plan, the interests of judicial economy warrant a collective action. Plaintiffs' argument is based on the following statement from *Mielke v. Laidlaw Transit, Inc.*:

> Even though a plaintiff is generally "required to produce substantial evidence of a single decision, policy or plan," . . . . [t]he Eleventh Circuit in *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir.1996), stated that "a unified policy, plan, or scheme of discrimination *may not* be required." *Grayson*, 79 F.3d at 1096 (emphasis added). . . . A district court subsequently explained that in the absence of a uniform policy or plan a collective action should only proceed when it promotes judicial economy. *See Marsh v. Butler County Sch. Sys.*, 242 F. Supp. 2d 1086, 1092 (M.D. Ala. 2003). We agree that in the absence of a uniform policy a collective action should only proceed when it will promote judicial economy.

313 F. Supp. 2d 759, 763 (N.D. Ill. 2004).

In *Marsh*, however, the case relied on by *Meilke*, the court made it clear that judicial economy, alone, was not enough to support collective action. 242 F. Supp. 2d at 1092. Rather, the *Marsh* court said, there must be some factual nexus between the claims of the named plaintiffs and those of the putative class:

> [A]lthough the Eleventh Circuit has now made it clear that in this circuit a plaintiff may establish that others are "similarly situated" without pointing to a particular plan or policy, a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse. . . . [W]hile a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal similarly situated requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.

4

*Id.* (citations omitted). Because plaintiffs did not present any evidence of such a nexus with respect to their overtime claim, the Magistrate Judge's failure to consider judicial economy as a basis for collective action was not erroneous.

Plaintiff's last argument is that Judge Brown should not have addressed the overtime claim at all because the parties agreed that it was the proper subject of collective action. Whether collective action is appropriate for any FLSA claim, however, is an issue for the Court, not the parties, to decide. *See, e.g., Flores*, 289 F. Supp. 2d at 1045 (describing method by which court determines whether collective action is permissible). Thus, Judge Brown properly considered the issue regardless of the parties' positions.

Plaintiffs also challenge the Magistrate Judge's recommendation that the motion for class certification of their state law claims be denied. Judge Brown based that recommendation on plaintiffs' failure to satisfy Rule 23(b)(3), which requires them to show that a class action is superior to other available methods of adjudicating the state law claims. (*See* R&R at 9-13.) Judge Brown said a class action is not superior because: (1) combining an opt-out state law class and an opt-in FLSA class in one suit subverts congressional intent that FLSA wage and hour claimants take affirmative action to sue (*id.* at 9-10); (2) the Rule 23 class would likely dwarf the FLSA class, making the state law claims dominate this federal suit (*id.* at 12); and (3) potential class members would likely be confused by a notice that tells them simultaneously about opting-in and opting-out of claims (*id.* at 12-13).

Plaintiffs say the Magistrate Judge's reasoning is flawed because their IWPCA claims are not wage and hour claims and, thus, do not impinge on FLSA territory. Rather, plaintiffs assert that the claims under the two statutes are distinct because "FLSA governs minimum earnings and

5

maximum hours, while the IWPCA mandates how often these earnings must be paid." (Pls.' Objs. at 9.)

Though it is true that FLSA generally prescribes the amount of wages to be paid while IWPCA generally prescribes the frequency of those payments, the object of a claim under either statute is the same: to recover unpaid wages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ."); 820 Ill. Comp. Stat. 115/11 (authorizing employees to "mak[e] [a] complaint or prosecut[e] his or her own claim for wages"). Consequently, regardless of how plaintiffs characterize them, their IWPCA claims, like their FLSA claims, are claims for unpaid wages.

Moreover, the Magistrate Judge's concerns about combining a Rule 23 class and a FLSA class are well-founded. As Judge Brown noted, Congress created the opt-in procedure for FLSA claims "'for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions.'" (R&R at 9 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989)).) Creating a Rule 23 class in this suit would thwart that goal. Further, as the Magistrate Judge noted, in the extremely likely event that the number of employees who choose to opt-in to the FLSA class is significantly smaller than the Rule 23 class, the rationale for exercising supplemental jurisdiction over the state claims disappears. *See id.* at 12 (noting that combining a large Rule 23 class with a small FLSA class "effectively allow[s] a federal tail to wag what is in substance a state dog" (quotations omitted)); 28 U.S.C. § 1367(c)(2) (stating that Court can decline to exercise supplemental jurisdiction if the state

claim "substantially predominates over the claim or claims over which the district court has original jurisdiction"). In short, the policy reasons Judge Brown cited in her recommendation are compelling.

Also compelling is the Magistrate Judge's concern that putative class members would be confused by a notice that simultaneously details the procedure for opting into and out of this suit. As Judge Brown said, a risk of confusion alone would not preclude class certification. (*See* R&R at 13.) Nonetheless, that risk is substantial and, in conjunction with the policy concerns discussed above, was appropriately considered by the Magistrate Judge.

## Conclusion

For all of the reasons stated above, plaintiffs' objections [doc. no. 98] to Magistrate Judge Brown's R&R [doc. no. 96] are overruled, and the Court adopts the R&R in its entirety. Plaintiff's amended motion for class certification [doc. no. 83] is granted in part and denied in part. The motion is granted as to plaintiffs' FLSA minimum wage claim and in all other respects is denied. The parties have fourteen days from the date of this Memorandum Opinion and Order to submit an agreed proposed notice to the FLSA class.

**SO ORDERED.**   ENTERED: 9/13/07

HON. RONALD A. GUZMAN
**United States District Judge**