IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA RIDDLE and RICARDO WOODS, individually, and on behalf of a class of similarly situated persons<br>                        Plaintiffs,<br>v.<br><br>NATIONAL SECURITY AGENCY, INC., IBRIHIM A. KISWANI and ABDUL S. KISWANI<br>                        Defendants, | Case No. 05 C 5880<br><br>Judge Ronald A. Guzman<br><br>Magistrate Geraldine Soat-Brown |

## LOCAL RULE 54.3(f) MOTION FOR ATTORNEY FEE AND NON-TAXABLE COSTS AWARD

Plaintiffs, LINDA RIDDLE and RICARDO WOODS, individually and on behalf of a class of similarly situated persons, by their attorney, STEVEN C. FUOCO moves the Court for an Order pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), Fed. R. Civ. P. 54(d)(2) and Local Rule 54.3(f) awarding Plaintiffs the reasonable attorney fees and related non-taxable costs of their counsel and in support thereof, state as follows:

### I. INTRODUCTION

By September 13, 2007 Memorandum Opinion and Order [Doc. 107], the District Court certified this action as a Fair Labor Standards Act (FLSA) collective action and declined to exercise 28 U.S.C. § 1367(c)(2) supplemental jurisdiction over Illinois state claims of Illinois Wage Payment and Collection Act violation and common law fraud.

On June 1, 2009 Order, the District Court entered a stipulated judgment granting to the penny the unpaid final wages claims of the two named plaintiffs and another seventeen plaintiffs opting in to this collective action. [Doc. 172].

Pursuant to the District Court's June 1, 2009 Order, the parties' counsel followed

1

Local Rule 54.3 procedures to confer face to face twice and mutually exchanged required time and work records. Defendants characterized twenty three (23) attorney hours by X marked on "National Security Billing" Exhibit B attached to the parties' Local Rule 54.3(e) Joint Statement and direct related non-taxable costs to these twenty three (23) attorney hours as "perhaps partially compensable, based upon total outcome versus time expended to obtain the result achieved." (Joint Statement at A 2., p. 2)

However, defendants contest all other claimed plaintiffs' attorney hours and non-taxable costs set forth on Plaintiff's Exhibit A Summary Table attached to the Joint Local Rule 54.3(e) Statement. The inability to reach an agreement necessitated the filing of the instant Local Rule 54.3(f) Fee Motion.

## II. ARGUMENT

### A. Plaintiffs' Entitlement to Reasonable Attorney Fees and Related Non-Taxable Costs

In addition to entry of a judgment awarded to plaintiffs, FLSA § 216(b) provides, "[t]he court **shall** ... allow a reasonable attorney fee to be paid by the defendant, and the costs of the action." *29 U.S.C. § 216(b)*(emphasis added). In addition to the June 1, 2009 judgment awarded, the nineteen plaintiffs to this collective action are entitled by right to the district court's award of reasonable attorney fees of their counsel and the costs of this action, including related non-taxable costs.

### B. Lodestar Analysis Requires No Reduction of Attorney Fee and Related Non-Taxable Costs Amounts Sought

As set forth on the Summary Table attached as Exhibit A to the parties' Local Rule 54.3(e) Joint Statement, plaintiffs seek the District Court's award of $77,836.71 as and for reasonable attorney fees and related non-taxable costs of $2,230.81. The District Court's analysis is governed by "Lodestar" procedure, which is simply the product of the

2

hours reasonably expended by plaintiffs' counsel multiplied by the reasonable hourly rate. *Soto v. Adams Elev. Equip. Co.*, 941 F.2d 543, 548 n.6 (7th Cir. 1991).

### 1. Reasonable Hourly Rates Not in Dispute

One area without disagreement is the reasonableness of the hourly rates charged by three plaintiff's attorney timekeepers, lead counsel, Steven C. Fuoco and two assisting associates at O'Hagan, Smith & Amundsen, Kimberly Carpenter and Tanya Petermann who worked to prosecute this collective action (See attached Local Rule 54.3(e) Joint Statement at A 1. p. 1). Evidence of the reasonableness for each time keeper billing rate is found in attached Group Exhibit 5, Ex. 1 – 2 and 4. The actual market rate for Fuoco's billed time is most probably higher at $300 per hour (Grp. Ex. 5, Ex. 1 A. Haber Aff.). The reasonableness of Petermann's $100.00 per hour rate as a relatively newly licensed attorney is established in prior case law. *See McNabola v. Chicago Trans. Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). The reasonableness of Carpenter's billing rate is otherwise established by her extensive trial experience.

### 2. Hours Reasonably Expended by Plaintiffs' Counsels Shown

Proof of the reasonableness of the hours expended by plaintiffs' counsels, primarily Fuoco is demonstrated by related legal theories stemming from common core facts central to plaintiffs' action (See Complaint [Doc. 1], ¶¶ 9 – 29), when also considering the size of plaintiffs' collective action, as well as in the attached attorney time categories compilation and actual attorney time records basis for the compilation found in Fuoco Affidavit Group Exhibit 5.

#### a. Three Year Limitations Period for Willful FSLA Violations

FSLA § 255(a) provides a three year statute of limitations with proof of defendants' willful FSLA violation. "A violation is 'willful' under the Act if the defendant

3

either knew he was violating the Act or was indifferent to whether he was violating it or not (and therefore 'reckless')." *EEOC v. Madison Comm. Unit School Dist.*, 818 F.2d 577, 585 (7th Cir. 1995) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-29, 83 L. Ed. 2d 523, 105 S. Ct. 613 (1985)).

Before and after the District Court's September 13, 2007 Memorandum Opinion and Order declining to exercise 28 U.S.C. § 1367(c)(2) supplemental jurisdiction, plaintiffs sought evidence to prove defendants' blatant disregard of its employees rights, whether existing under federal and state statute or state common law. Evidence of employee misclassification by defendants as 1099 contractors, defendants getting kickbacks from a single mandated employee uniform supplier selling overpriced work uniforms; ignoring statutorily required pay periods, bouncing employee pay checks, writing employee pay checks on a closed bank account; and requiring all employees to utilize a currency exchange to convert a non-negotiable payroll check from defendants as a voucher into cash less a service charge was circumstantial trial proof of defendants' reckless if not deliberate disregard of all employment laws, including the FSLA. Such evidence formed the common factual core of plaintiffs' action when pled and as case discovery was sought through the time of defendant, I. Kiswani's March 17, 2009 deposition. Such evidence had been vital for plaintiffs at the final pretrial conference to lengthen by court ruling the applicable FLSA statute of limitations to three years and persuasively demonstrate each plaintiff's right to liquidated or double damages if defendants had declined the stipulated judgment and the case went to trial by jury. See FLSA § 216(b).

### b. Common Core of Facts Analysis

4

The district court's 'rejection of or failure to reach certain grounds [in a case involving alternative legal theories] is not a sufficient reason for reducing a fee'. *Soto at 552 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983))*. With unsuccessful but related claims from a "common core of facts" or "related legal theories", the district court's analysis shifts to concentrate on the overall results obtained. *Spellan v. Board of Ed. Dist. 111, 59 F.3d 642, 646 (7th Cir. 1995)*.

When commencing this action, plaintiffs sought the District Court's exercise of § 1367(c)(2) supplemental jurisdiction. Support in the Northern District case law existed for plaintiffs' inclusion of their related Illinois Wage Payment and Collection Act claims as well as their request for Rule 23 class certification simultaneous with FSLA collective action opt-in [Doc. 81 pp. 10 – 11, 86 pp. 6 – 8). The District Court had not ruled on these particular issues in reported opinion before presentation for ruling in plaintiffs' action. Though the District Court did not reach and declined to exercise supplemental jurisdiction over the common core Illinois Wage Payment and Collection Act claims, no reduction in attorney fees and costs awarded should be made. *See Hensley, 461 U.S. at 435*.

c.  **Size of Plaintiffs' Collective Action**

Plaintiffs' counsels' fees are reasonable when also considering the sheer size of plaintiffs' collective action once narrowed to only FSLA on September 13, 2007. The approved case notice and form Consent to Join were sent as a document set to 148 former employees of defendants beginning April 17, 2008 (Fuoco Aff. Grp. Ex 5 4/17/08 time entry). After skip tracing to locate former employees whose initial service was returned and additional mailings made to confirmed addresses, thirty three (33) former

5

employees ultimately returned their executed Consent to Join by the October 17, 2008 opt-in period close (Fuoco Aff. Grp. Ex 5 10/17/08 time entry).

On August 1, 2008, defendants' counsel received twenty nine returned Consent to Join forms. (Fuoco Aff. Grp. Ex 5 8/1/08 time entry). By October 13, 2008 defendants served written discovery to each named and opt-in plaintiff (Fuoco Aff. Grp. Ex 5 10/13/08 time entry). On October 24, 2008, defendants' counsel deposed named plaintiff, Ricardo Woods (Fuoco Aff. Grp. Ex 5 10/24/08 time entry). Nineteen plaintiffs returned their sworn written discovery responses and comprised the collective action through the entry of the June 1, 2009 stipulated judgment. Each plaintiff received the exact amount in the stipulated judgment for their unpaid final wages quantified in sworn written discovery. The stipulated judgment amount totaled $7,718.99 [Doc. 172 p. 1]. This amount directly correlated to the number of plaintiff opt-ins returning their sworn written discovery responses quantifying their unpaid final wages and is not reflective of limited success prosecuting their FLSA unpaid final wages claims as defendants maintain. Each plaintiff opt-ins returning their sworn written discovery responses was made completely whole by the prosecution efforts of plaintiffs' counsels.

Disputes about defendants' Rule 26(a)(1) disclosures for each opt-in plaintiff required plaintiffs' counsel's filing of a Rule 37(a)(2)(A) motion to compel defendants' production of the personnel file documents, last pay period time sheets and any final pay check for each opt-in plaintiff [Doc. 126]. Plaintiffs' also filed Rule 6(b) Motions to extend the discovery deadline because of the continued problems getting opt-in documents production from defendants [Doc. 128, 131].

After a December 16, 2008 hearing, the District Court granted plaintiffs' motions continuing discovery through March 16, 2009 and requiring defendants' discovery

compliance by January 15, 2009 [Doc. 134]. At the May 11, 2009 status conference, the District Court scheduled the final pretrial conference party submissions on June 1, 2009 [Doc. 137]. Not until May 13, 2009 did defendants finally agree to pay each plaintiff's quantified unpaid final wages (Fuoco Aff. Grp. Ex 5 5/13/09 time entry). In the stipulated judgment, each plaintiff received complete and full compensation from defendants for their claimed unpaid final wages.

### d. Fuoco Affidavit Group Exhibit 5 Submission

Review of the affidavit from lead plaintiffs' counsel and verified attorney time attachments also show reasonable time charges for the related simultaneous class and collective action legal issue litigated, giving proper notice of plaintiffs' FLSA collective action, and the time associated with the Rule 26(a)(1) discovery problems that impeded the production of each opt-in plaintiff's records which plagued this action. The Group Exhibit 5 submission provides descriptive detail for each case activity and expense item billed and justifies each entry made. Moreover, Fuoco's affidavit provides both the evidentiary foundation for the attached attorney time and expenses records and the declaration that all time entries and expenses billed were reasonable and necessary.

### 3. Award for All Expenses Justified at Law

Lexis computer legal research expenses are allowed as a part of an attorney fee award. *See Levka v. City of Chicago, 107 F.R.D. 230 (N.D. ILL. 1985)(Shadur J.).* The expenses for photocopying are properly awarded with a proper break down obtainable from retained records as are deposition transcripts when 'necessarily obtained for use in the case.' *Id (citation omitted).* The District Court should award plaintiff's counsel's expenses for Lexis computerized legal research utilized throughout this action as well as all photocopying expenses shown to be reasonable at .10 per page and properly

7

documented for the collective action notices reflected in the Group Exhibit 5 invoices. Collective action postage should also be awarded as an attorney fee component in accordance with *Levka*. Collective action postage is a much larger but unavoidable out of pocket expense in class or collective action litigation and is not properly characterized as merely attorney overhead when considering the extraordinary number of mailed pieces in such litigation.

The Kiswani deposition and transcript expense should also be awarded since this March 17, 2009 deposition had been taken less than three months before the June 1, 2009 scheduled final pretrial submissions and was certainly necessary for use in preparing plaintiffs' pretrial motion to find the FLSA applicable statute of limitations was three years and not two years.

Travel expenses are also properly awarded as another part of an attorney fee award. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). Plaintiff's counsel's round trip train travel expenses are also properly documented in the Group Exhibit 5 records attached to the Fuoco affidavit. The affidavit at Paragraph 20 lays the evidentiary foundation for the amount of these expenses, mistaken categorized in the Joint Statement, Exhibit A as non-taxable costs.

### C. Defendants' Contest of Virtually All Time Charges and Expenses Meritless

Defendants' Joint Statement Exhibit B which reflects defendants' contest of all but 29 attorney hours and only directly related expenses to these hours lacks good grounding. First, for all time deemed "unreasonable" in Exhibit B, defendants fail to offer any alterative time amount or proof of what they consider reasonable. Exhibit B pp. 1 – 8, 30 – 34, 36 – 38, 41 – 45. Defendants make the same mistake as the bank

defendant made in *Lippner v. Deutsche Bank, Nat'l. Trust Corp., 2009 U.S. Dist. Lexis 42938, *7 (N.D. ILL. May 19, 2009)* (07 C 448, Der-Yeghiayan, J.) when contesting hours but pointing out or providing nothing as a basis for doing so. A good example is defendants' contest of all hours that plaintiffs' counsel spent for legal research to find the latest law before preparing plaintiffs' complaint but offering nothing as an alternative hourly measure defendants deem as "reasonable" for this unavoidable task. See Joint Statement Exhibit B, p. 1.

Second, defendants ignore the principle from *Hensley* that the district court's 'rejection of or failure to reach certain grounds [in a case involving alternative legal theories] is not a sufficient reason for reducing a fee'. *Soto at 552*. Exhibit B pp. 8 – 15. Defendants overlooked the District Court's September 13, 2007 Memorandum Opinion and Order section addressing statutory relatedness and overlap when discussing how the FSLA and Illinois Wage Payment and Collection Act both provide for the recovery of unpaid wages [Doc. 107 at p. 6].

Defendants even contested the time billed in court for required appearances at scheduled court appearances. Exhibit B pp. 27 – 30, 39 – 41.

Plaintiffs' counsel offered when last conferring in-person with defendants' counsel to reduce all time items defendants characterized on Exhibit B as Administrative to the market paralegal rate but this offer was declined.

### III. CONCLUSION

In the face of defendants' blanket approach to deny almost every time and expense item claimed by plaintiffs but without providing any basis or alternative, the District Court should grant plaintiffs all requested attorney fee and expense amounts.

Respectfully Submitted,

9

/s/Steven C. Fuoco
Steven C. Fuoco
Counsel for Plaintiffs

Steven C. Fuoco
1055 Golf Avenue
Highland Park, IL 60035
847/432-LAWS (5297)
Court ID No. 6206935